1  Patrick J. Reilly, Esq.
   Nevada Bar No. 6103
2  Andrea M. Champion, Esq.
   Nevada Bar No. 13461
3  HOLLAND & HART LLP
   9555 Hillwood Drive, Second Floor
4  Las Vegas, Nevada 89134
   Tel: (702) 669-4600
5  Fax: (702) 669-4650
   preilly@hollandhart.com
6  amchampion@hollandhart.com

7  Lee A. Chilcote, Esq.
   Christina C. Tizzano, Esq.
8  *Pro hac vice applications pending*
   The Chilcote Law Firm LLP
9  The Cedar-Grandview Building
   12434 Cedar Road, Suite Number 3
10 Cleveland Heights, Ohio 44106
   Telephone:  (216) 795-4117
11 Facsimile:  (216) 795-4245
   lee.chilcote@chilcotelaw.com
12 christina.tizzano@chilcotelaw.com

13 *Attorneys for Defendant Andrew Sherman*

14           **UNITED STATES DISTRICT COURT**

15              **DISTRICT OF NEVADA**

16 SONORO   INVEST   S.A.,   a   Panamanian      Case No. :  2:15-cv-02286-JAD-CWH
   corporation,
17                                                **AMENDED ANSWER TO AMENDED**
                      Plaintiff,                   **VERIFIED SHAREHOLDER**
18                                                **DERIVATIVE COMPLAINT**
   vs.
19                                                **JURY DEMAND ENDORSED HEREON**
   ROBERT MILLER, an individual; ANDREW
20 SHERMAN,   an   individual;   COSTAS
   TAKKAS,  an  individual;  and  STEPHEN
21 GOSS, an individual,

22                     Defendants

23 and

24 ABAKAN, INC., a Nevada corporation,

25                 Nominal Defendant.

26

27 / / /

28 / / /

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

## **AMENDED ANSWER**

Now comes Defendant, Andrew J. Sherman ("Answering Defendant"), by and through undersigned counsel, and for his Amended Answer to the First Amended Verified Shareholder Derivative Complaint ("Complaint") filed December 29, 2015 on behalf of Plaintiff Sonoro Invest S.A., a Panamanian corporation, ("Plaintiff") with this Honorable Court ("Court"), states as follows:

1.      Answering Defendant admits that Plaintiff filed this action in this Court based upon diversity jurisdiction, and denies the remaining allegations contained in paragraph 1 of the Complaint.

2.      To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits that public record of the United States District Court for the Southern District of New York and the Honorable Denise Cote reflects an August 14, 2015 Order of civil contempt of Abakan, Inc. and a September 24, 2015 Order appointing a Receiver over Abakan, Inc. Answering Defendant denies the remaining allegations contained in paragraph 2 of the Complaint.

3.      Answering Defendant admits the Court has jurisdiction over this action if the requirements of 28 U.S.C. 1332 are met, but lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in in paragraph 3 of the Complaint.

4.      Answering Defendant admits that Abakan, Inc. is incorporated in the State of Nevada, and denies the remaining allegations contained in paragraph 4 of the Complaint.

5.      Answering Defendant admits that Plaintiff is a shareholder of Abakan, Inc., but lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 5 of the Complaint and therefore denies same.

6.      To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant denies that MesoCoat Inc. is a wholly owned subsidiary of Abakan, Inc., and admits the remaining allegations contained in paragraph 6 of the

8494926_1

Complaint.

7.      Answering Defendant denies that Powdermet, Inc. is a subsidiary of Abakan, Inc., and admits the remaining factual allegations contained in paragraph 7 of the Complaint.

8.      Answering Defendant admits that Defendant Stephen Goss formally replaced him as Chief Executive Officer ("CEO") of MesoCoat, Inc. in 2014, that he serves as Powdermet, Inc.'s CEO, that he is a director of Abakan, Inc., and that he resides in Mentor, Ohio, and denies the remaining allegations contained in paragraph 8 of the Complaint.

9.      Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 9 of the Complaint.

10.     Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 10 of the Complaint.

11.     Answering Defendant denies the allegations contained in paragraph 11 of the Complaint.

12.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 12 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

13.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 13 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

14.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 14 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

15. Answering Defendant denies the allegations contained in paragraph 15 of the Complaint.

16. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that Plaintiff issued a letter dated June 25, 2015 to Abakan, Inc., and denies the remaining allegations contained in paragraph 16 of the Complaint.

17. Answering Defendant admits that Abakan, Inc. initiated an inquiry into Plaintiff's June 25, 2015 letter. Answering Defendant is without sufficient knowledge or information to form a belief as to the time periods referenced by Plaintiff in paragraph 17 of the Complaint, and is therefore unable to admit or deny the remaining allegations contained therein and therefore denies same.

18. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that Robert Seiden was appointed receiver over Abakan, Inc. by Judge Cote, and denies the remaining allegations contained in paragraph 18 of the Complaint.

19. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies same.

20. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits the allegations contained in paragraph 20 of the Complaint.

21. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that the Plaintiff and George Town Associates, S.A. ("George Town") moved to dismiss the involuntary bankruptcy petitions against

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

Abakan, Inc. and MesoCoat, Inc. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 21 of the Complaint and therefore denies same.

22.    To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits the public record of the United States District Court for the Southern District of Florida, Bankruptcy Division and the Honorable Judge Cristol reflects December 14, 2015 Orders dismissing involuntary bankruptcy petitions filed in re. Abakan, Inc. and MesoCoat, Inc. Answering Defendant denies the remaining allegations contained in paragraph 22 of the Complaint.

23.    To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits the allegations contained in paragraph 23 of the Complaint.

24.    Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies same.

25.    Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 25 of the Complaint and therefore denies same.

26.    Answering Defendant admits that Plaintiff brought this action and denies the remaining allegations contained in paragraph 26 of the Complaint.

27.    To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.    Answering Defendant denies that Powdermet, Inc. is a subsidiary of Abakan, Inc. To the extent that this paragraph references a legal document or proceeding, the document or

8494926_1

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant is without sufficient knowledge or information to form a belief as to the precise meaning of the terms "affiliate," and "in turn" and the time period "initially" referenced by Plaintiff in paragraph 28 of the Complaint, and is therefore unable to admit or deny the remaining allegations contained therein and therefore denies same.

29. Answering Defendant denies that Powdermet, Inc. is a subsidiary of Abakan, Inc. Answering Defendant admits the trading values of Abakan, Inc.'s stock for the dates referenced in paragraph 29 of the Complaint are public record. Answering Defendant is without sufficient knowledge or information to form a belief as to the precise meaning of the phrase "seemed to be financially viable as a company" referenced by Plaintiff in paragraph 29 of the Complaint, and is therefore unable to admit or deny the remaining allegations contained therein and therefore denies same.

30. Answering Defendant denies the allegations contained in paragraph 30 of the Complaint.

31. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that on or about May 31, 2014, Powdermet, Inc. agreed to transfer 89,000 of its MesoCoat, Inc. shares to Abakan, Inc. for 2,000,000 shares of Abakan, Inc.'s restricted common stock, and 310,000 shares of Powdermet, Inc. and a promissory note from MesoCoat, Inc. for $198,167.85, and that MesoCoat, Inc. agreed to transfer 120,000 of its shares to Abakan, Inc., among other terms. Answering Defendant denies the remaining allegations contained in paragraph 31 of the Complaint.

32. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that following the May 31, 2014 transaction, Abakan, Inc. increased its shares in MesoCoat, Inc. to 87.5%, and denies the remaining allegations contained in paragraph 32 of the Complaint.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

33.     Answering Defendant admits that a MesoCoat, Inc. press release is attached as Exhibit F to Plaintiff's Complaint and it states that the price of Abakan's recent investment in MesoCoat was a 58% premium. Answering Defendant denies the remaining allegations contained in paragraph 33 of the Complaint.

34.     Answering Defendant is without sufficient knowledge or information to form a belief as to the precise meaning of the terms "substantial assets," and "independent valuation" referenced by Plaintiff in paragraph 33 of the Complaint, and is therefore unable to admit or deny the allegations contained therein and therefore denies same. Answering Defendant denies the remaining allegations contained in paragraph 34 of the Complaint.

35.     Paragraph 35 of the Complaint states a legal conclusion and therefore no response is required. However, to the extent a response is required, Answering Defendant denies the allegations contained in paragraph 36 of the Complaint.

36.     Paragraph 36 of the Complaint states a legal conclusion and therefore no response is required. However, to the extent a response is required, Answering Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Paragraph 37 of the Complaint states a legal conclusion and therefore no response is required. However, to the extent a response is required, Answering Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     Answering Defendant denies the allegations contained in paragraph 38 of the Complaint.

39.     Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 39 of the Complaint and therefore denies same.

40.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 40 of the Complaint and therefore denies same.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

41.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 41 of the Complaint and therefore denies same.

42.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 42 of the Complaint and otherwise denies same.

43.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 43 of the Complaint and otherwise denies same.

44.     To the extent that this paragraph references a legal document or proceeding and/or states a legal conclusion, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 44 of the Complaint and therefore denies same.

45.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 45 of the Complaint and otherwise denies same.

46.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits that George Town filed suit against

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

Page 8 of 18

Abakan, Inc. in the Southern District of New York.  Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 46 of the Complaint and therefore denies same.

47.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits that public record of the Southern District of New York and the Honorable Denise Cote reflects a May 6, 2015 temporary restraining order and a May 22, 2015 preliminary injunction. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 40 of the Complaint and therefore denies same.

48.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits that Abakan, Inc., Powdermet, Inc. and MesoCoat, Inc. entered into a transaction in July 2015, on terms including the transfer of 400,000 Abakan, Inc. shares, MesoCoat, Inc. shares, and $1,000,000 to Abakan, Inc., and the transfer of Abakan, Inc.'s remaining Powdermet, Inc. shares to Powdermet, Inc., land and equipment, and inter-company debt satisfaction among other terms. Answering Defendant denies the remaining allegations contained in paragraph 48 of the Complaint.

49.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits that public record of the United States District Court for the Southern District of New York and the Honorable Denise Cote reflects an July 28, 2015 motion by George Town, an August 14, 2015 Order of civil contempt of Abakan, Inc. and a September 24, 2015 Order appointing a Receiver over Abakan, Inc. Answering Defendant denies the remaining allegations contained in paragraph 49 of the Complaint.

50.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

extent a response is required, Answering Defendant admits that George Town was awarded summary judgment in the New York Litigation and denies the remaining allegations contained in paragraph 50 of Plaintiff's Complaint.

51. Answering Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that MesoCoat, Inc. and Powdermet, Inc. maintain offices at 24112 Rockwell Drive in Euclid, Ohio, and that Powdermet sub-leases to MesoCoat., Inc. Answering Defendant further admits that he has an economic interest in Sherman Properties LLP and that he is CEO of Powdermet, Inc. and a director of Abakan, Inc. Answering Defendant denies the remaining allegations contained in paragraph 52 of the Complaint.

53. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 53 of the Complaint and therefore denies same.

54. Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 54 of the Complaint and therefore denies same.

55. To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that Plaintiff issued a letter dated June 25, 2015 to Abakan, Inc., and the letter speaks for itself. Answering Defendant denies the remaining allegations contained in paragraph 55 of the Complaint.

56. Answering Defendant is without sufficient knowledge or information to form a belief as to the precise meaning of the phrase "failed to deliver" referenced by Plaintiff in

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

paragraph 56 of the Complaint, and is therefore unable to admit or deny the allegations contained therein and therefore denies same.

57.     Answering Defendant denies the allegations contained in paragraph 57 of the Complaint.

58.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 58 of the Complaint and therefore denies same.

59.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 59 of the Complaint and therefore denies same.

60.     Answering Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant admits that Abakan, Inc. filed a form 10-K on September 15, 2015 which speaks for itself. Answering Defendant further admits that public record of the United States District Court for the Southern District of New York and the Honorable Denise Cote reflects a September 24, 2015 Order appointing a Receiver over Abakan, Inc. Answering Defendant denies the remaining allegations contained in paragraph 61 of the Complaint.

62.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required. However, to the extent a response is required, Answering Defendant admits that Abakan, Inc. filed a form 10-K/A on September 17, 2015 which speaks for itself. Further answering, Answering Defendant

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 62 of the Complaint.

63.     Answering Defendant admits that Powdermet, Inc. made a September 16, 2015 deposit to the Fifth Third Bank Account, but Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in paragraph 63 of the Complaint and therefore denies same.

64.     Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 64 of the Complaint and therefore denies same.

65.     To the extent that this paragraph references a legal document or proceeding, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 65 of the Complaint and therefore denies same.

66.     Answering Defendant hereby incorporates the admissions and denials contained in paragraphs 1 through 66 above as if fully rewritten herein.

67.     Answering Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint.

68.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 68 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

69.     Answering Defendant denies the allegations contained in paragraph 69 of Plaintiff's Complaint.

70.     Answering Defendant denies the allegations contained in paragraph 70 of Plaintiff's Complaint.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

71.     Answering Defendant denies the allegations contained in paragraph 71 of Plaintiff's Complaint.

72.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 72 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

73.     Answering Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     Answering Defendant denies the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     Answering Defendant denies the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 76 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

77.     Answering Defendant Answering Defendant denies the allegations contained in paragraph 77 of Plaintiff's Complaint.

78.     Answering Defendant Answering Defendant denies the allegations contained in paragraph 78 of Plaintiff's Complaint.

79.     Answering Defendant denies the allegations contained in paragraph 79 of Plaintiff's Complaint.

80.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant denies the allegations contained in paragraph 80 of Plaintiff's Complaint.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

81.     Answering Defendant denies the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.     Answering Defendant hereby incorporates the admissions and denials contained in paragraphs 1 through 81 above as if fully rewritten herein.

83.     Answering Defendant denies the allegations contained in paragraph 83 of Plaintiff's Complaint.

84.     Answering Defendant denies the allegations contained in paragraph 84 of Plaintiff's Complaint.

85.     Answering Defendant denies the allegations contained in paragraph 85 of Plaintiff's Complaint.

86.     Answering Defendant denies the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     Answering Defendant denies the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     Answering Defendant hereby incorporates the admissions and denials contained in paragraphs 1 through 87 above as if fully rewritten herein.

89.     Answering Defendant denies the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     To the extent that this paragraph states a legal conclusion, no response is required. However, to the extent a response is required, Answering Defendant admits that as a director he owes a fiduciary duty to Abakan, Inc. pursuant to Nevada law, and denies the remaining allegations contained in paragraph 76 of the Complaint to the extent such allegations are inconsistent with Nevada law concerning the fiduciary duty of individual directors.

91.     Answering Defendant denies the allegations contained in paragraph 91 of Plaintiff's Complaint.

92.     Answering Defendant denies the allegations contained in paragraph 92 of Plaintiff's Complaint.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

93.     To the extent that this paragraph references a legal document or proceeding or states a legal conclusion, the document or record of proceeding speaks for itself and no response is required.  However, to the extent a response is required, Answering Defendant denies the allegations contained in paragraph 93 of Plaintiff's Complaint.

94.     Answering Defendant denies the allegations contained in paragraph 94 of Plaintiff's Complaint.

95.     Answering Defendant denies the allegations contained in paragraph 95 of Plaintiff's Complaint.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Answering Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has not been damaged by Answering Defendant's conduct complained hereof.

## THIRD AFFIRMATIVE DEFENSE

The damages, if any, sustained by Plaintiff are due to their own actions and Answering Defendant is not liable to it.

## FOURTH AFFIRMATIVE DEFENSE

Venue is improper as to one or more Defendants, including Answering Defendant.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name a necessary party.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has unclean hands and is therefore barred from recovery herein.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages and may not recover from Answering Defendant herein.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, were caused by the actions of third parties over whom Answering Defendant had no control.

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

### NINTH AFFIRMATIVE DEFENSE

Answering Defendant at all times acted in good faith and on an informed basis.

### TENTH AFFIRMATIVE DEFENSE

Answering Defendant's actions are protected by the business judgment rule.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, laches, ratification and/or other equitable doctrines.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk that is the basis of their claim of damages and may not recover their damages, if any, from Answering Defendant herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

The culpability of Plaintiff is greater than that of Answering Defendant, if any; therefore it may not recover its damages, if any, from Answering Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Answering Defendant are barred as conflict of interest may be waived by a majority of non-interested directors.

### FIFTEENTH AFFIRMATIVE DEFENSE

Answering Defendant denies any allegations in the complaint to which it did not specifically respond.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by additional affirmative defenses. However, because discovery has not been completed, the applicability of those defenses if, as yet, unknown. Therefore Answering Defendant reserves the right to amend this list of affirmative defenses.

WHEREFORE, Answering Defendant prays for relief as follows:

1.      That the First Amended Complaint be dismissed;

2.      That Answering Defendant be awarded attorney's fees;

3.      That Answering Defendant be awarded costs; and

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

4.      That the Court award such other and further relief as it deems just and proper.

## JURY DEMAND

Now comes the Answering Defendant and demands the instant action be tried by a jury.

DATED this 18th day of February, 2016.

_____/s/ Patrick J. Reilly_____
Patrick J. Reilly, Esq.
Andrea M. Champion, Esq.
HOLLAND & HART LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

Lee A. Chilcote, Esq.
Christina C. Tizzano, Esq.
*Pro hac vice applications pending*
The Chilcote Law Firm LLP
The Cedar-Grandview Building
12434 Cedar Road, Suite Number 3
Cleveland Heights, Ohio 44106

*Attorneys for Defendant Andrew Sherman*

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134

8494926_1

1

**CERTIFICATE OF SERVICE**

2       I hereby certify that on the 18th day of February, 2016, a true and correct copy of the

3  foregoing **AMENDED ANSWER TO AMENDED VERIFIED SHAREHOLDER**

4  **DERIVATIVE COMPLAINT JURY DEMAND ENDORSED HEREON** was served on

5  counsel through the Court's electronic service system as follows:

6       **Electronic Service:**

7  Craig Weiner, Esq.
   *(pro hac vice to be submitted)*
8  Richard Mescon, Esq.
   *(pro hac vice)*
9  Sherli Furst, Esq.
   *(pro hac vice)*
10  ROBINS KAPLAN LLP
    601 Lexington Avenue, Suite 3400
11  New York, New York 10022-4611
    Email: cweiner@robinskaplan.com
12           rmescon@robinskaplan.com
             sfurst@robinskaplan.com
13
   James Patrick Shea, Esq.
14  Scott D. Fleming, Esq.
    ARMSTRONG TEASDALE LLP
15  3770 Howard Hughes Parkway, Suite 200
    Las Vegas, Nevada 89169
16  Email:  jshea@armstrongreasdale.com
             sfleming@armstrongteasdale.com
17
   *Attorneys for Plaintiff*
18

19

20
                                    ____/s/ Susann Thompson_____
21                                  An employee of Holland & Hart LLP

22

23

24

25

26

27

28

8494926_1

Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134