RICHARD MESCON, ESQ.
New York Bar No. 1434968 (*pro hac vice*)
SHERLI FURST, ESQ.
New York Bar No. 4783577 (*pro hac vice*)
MICHAEL A. KOLCUN, ESQ.
New York Bar No. 5054127 (*pro hac vice*)
ROBINS KAPLAN LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022-4611
Telephone:  (212) 980-7400
Facsimile:  (212) 980-7499
Email: RMescon@RobinsKaplan.com
        SFurst@RobinsKaplan.com
        MKolcun@RobinsKaplan.com

JAMES PATRICK SHEA, ESQ.
Nevada Bar No. 405
SCOTT D. FLEMING, ESQ.
Nevada Bar No. 5638
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone:  702.678.5070
Facsimile:  702.878.9995
Email: jshea@armstrongteasdale.com
        sfleming@armstrongteasdale.com

*Counsel for Plaintiff, Sonoro Invest S.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SONORO INVEST S.A., a Panamanian corporation, | Case No. 2:15-cv-2286 |
| Plaintiff, | **STIPULATION FOR DISCOVERY OF HARD COPY AND ELECTRONICALLY STORED INFORMATION** |
| vs. | |
| ROBERT MILLER, an individual; ANDREW SHERMAN, an individual; COSTAS TAKKAS, an individual; and STEPHEN GOSS, an individual, | |
| Defendants | |
| and | |
| ABAKAN, INC., a Nevada corporation, | |
| Nominal Defendant. | |

1

Plaintiff Sonoro Invest S.A. ("Sonoro") and Defendant Andrew Sherman ("Sherman") (collectively, the "Parties"), by and through their respective counsel, hereby stipulate to the discovery of hard copy and electronically stored information as follows:

I.   **ESI Production.**

Electronic data should be provided in the following format:

A.   *TIFFs*. Single-page 300 dpi CCITT Group IV black and white TIFFs should be provided, with page break information in load file identifying document start and end.

Conversion of Excel documents (redacted Excels to be produced in TIFF): When Excel files are converted to TIFFs, any hidden Rows, Cells or Columns will be unhidden in the version that will be converted, printing will be done over then down, and print settings will be set to fit to page to ensure no text is cutoff.  Autodates in headers or footers should reflect the date last modified.

Conversion of PowerPoint documents: When PowerPoint documents are converted to TIFFs, the version that will be converted will show the speaker notes, to the extent that they exist.

Conversion of Word documents: When Word documents are converted to TIFFs, the version that will be converted is as it was last saved by the custodian. This means that if it was last saved with track changes turned on that the images and metadata will reflect the track changes.

B.   *Color*. ESI containing color will be provided in color in JPG format.  Parties will accommodate reasonable requests for production of specific images in color.

C.   *Database Load Files/Cross-Reference Files*. Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

Example of Opticon Delimited File:

ABC0000001,ABC001,D:\IMAGES\001\ABC0000001.TIF,Y,,,3
ABC0000002,ABC001,D:\IMAGES\001\ABC0000002.TIF,,,,,
ABC0000003,ABC001,D:\IMAGES\001\ABC0000003.TIF,,,,,
ABC0000004,ABC001,D:\IMAGES\001\ABC0000004.TIF,Y,,,2
ABC0000005,ABC001,D:\IMAGES\001\ABC0000005.TIF,,,,,

Example of Concordance Delimited File :

þBegDocþþEndDocþþAttachRangeþþCustodianþ

The objective coding and/or electronic file metadata should be provided in the following format:

1.   Fields should be delimited by the default Concordance field delimiter for ANSI character 020 ().

2.   String values within the fields file should be enclosed with a text delimiter (þ).

3.   The first line should contain objective coding and or electronic file metadata headers and below the first line there should be exactly one line for each document.

4.   Each row of objective coding and/or electronic file metadata must contain the same number of fields as the header row.

5.   Multi-values should be separated by a semicolon ASCII character 059 (;).

D.   *Text Files*. For each document, a document-level text file should be provided in addition to the TIFFs. The text of native files should be extracted directly from the native file and each text file will be named using its corresponding image files (e.g., ABC0000001.TXT).

Documents for which text cannot be extracted will be produced with OCR.

E.   *Redactions*. With respect to documents containing redacted text, no text will be provided for the redacted portion. OCR will be provided for the un-redacted portions of the documents.

F.   *Unique IDs*. Each image should have a unique file name which will be the Bates number of that page. The Bates number must appear on the face of the image in the lower right corner (e.g., ABC0000001.TIF).

G.   *Unique Documents*. Parties agree to use a verifiable, de-duplication process designed to achieve only one unique copy of an email from each custodian is produced.  An all custodians field (or duplicate custodians field) will be provided with each production and updated as needed.

H.   *Metadata Fields*. No metadata will be produced for redacted text. For any document containing redacted text, metadata will be produced only for the un-redacted text.

Metadata pertaining to time/date will be maintained in *Eastern Standard Time (EST)*.

The following metadata fields should be provided if they exist:

Custodian
Create Date/Time
Last Modified Date/Time
Email Date/Time Sent
MD5 – Hash Value (or similar)
To
Email From /Author
CC
Subject
File extension
BegBates
EndBates

3

Attach_Range
File Name
OriginalFolderPath

Additionally, the following information will be included:
Native_Path (native file link)
OCR Text path (path to OCR/extracted text on disk)
Parent-child relationships (attachment information)

I. *Native Format*. The parties have agreed that the following documents will be produced in native format: Excel files, Access files, Microsoft Project files.

The parties reserve their rights to seek additional electronic documents in their native format.

J. *Databases*. Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static image format. To the extent that relevant and responsive reports or data tables derived from a database were also maintained in static form (e.g., as a PDF attachment or a hard copy in a file), those documents will be produced as static images consistent with the specifications for production of paper.

The parties agree to identify the specific databases, by name and platform or engine (e.g. Oracle, SQL), that may contain responsive information.

K. *Non-Convertible Files*: Certain types of files such as system, program, video and sound files may not be amenable to conversion into anything meaningful in TIFF format. Responsive, non-convertible files will be produced in the form of a placeholder TIFF image. Some examples of file types that may not convert include file types with the following extensions: *.ai *.aif *.bin *.cab *.chi *.chm *.com *.dll *.eps *.exe *.exp *.hlp *.hqx *.idb *.ilk *.iso *.ivi *.ivt *.ix *.lib *.mpeg *.mpg *.mov *.mp3 *.mpe *.msi *.nls *.obj *.ocx *.opt *.pdb *.pch *.psd *.psp *.ram *.res *.rm *.rmi *.sys *.swf *.snd *.tlh *.tmp *.trg *.ttf *.vbx *.wav *.wmv *.wma*.wpg *.xfd

Other files may not be able to be converted to TIFF due to password protection or corruption (for example). If reasonable efforts to obtain useful TIFF images of these files are unsuccessful, these non-convertible files will also be accounted for with a TIFF placeholder.

Nothing in the non-convertible file section is meant to include productions of data produced from databases.

Non-convertible files will be produced natively and with a placeholder TIFF image. Each TIFF placeholder will contain the endorsed bates number and endorsed confidentiality designation. File name and extension will be included as a metadata field.

L. *Gaps*. Productions should contain sequential bates numbers with no gaps. There should be no gaps in bates numbers between productions. A unique production volume number will be

4

used for each production. If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

M. *Parent-Child Relationships*. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

N. *Search Terms/Date Ranges*. In an attempt to minimize e-discovery costs and disputes, the parties agree to use search terms to identify the relevant ESI.  Further, the parties agree to disclose and agree upon the search terms before any searches are conducted.

O. *Costs*. Each party shall bear its own costs of producing relevant electronic documents in its possession or control.

**II.   Hard-Copy Production.**

Hard-copy documents should be provided in the following format:

A. *TIFFs*. Single page 300dpi CCITT Group IV black and white TIFFs should be provided with page breaks in the load file identifying document start and end.

B. *Color*. Documents containing color will be provided in color in JPG format. The parties will accommodate reasonable requests for production of specific images in color. However, for any document that will lose meaning or will be illegible if produced in black and white, parties agree to produce those documents in color.

C. *Unique IDs*. Each image should have a unique file name that will be the Bates number of that page. The Bates number must appear on the face of the image in the lower right corner (e.g., ABC0000001.TIF).

D. *Gaps*. Productions should contain sequential bates numbers with no gaps. There should be no gaps in bates numbers between productions. A unique production volume number will be used for each production. If any unavoidable gaps occur, the parties agree to provide advance notice of those gaps within productions and/or between productions.

E. *OCR*. Document level OCR text files will be provided. Each file will be named using the bates number of the first page of the document (e.g., a four page document that starts with ABC0000001 will bear the name ABC0000001.TXT).

F. *Redactions*. With respect to documents containing redacted text, OCR will be provided for the non-redacted text.

G. *Unitizing of Documents*. When scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (*i.e.*, paper documents should be logically unitized). The parties will make their best efforts to have their vendors unitize documents correctly and will commit to address situations where there are improperly unitized documents.

H. *Database Load Files/Cross-Reference Files*. Documents should be provided with (1) a Concordance delimited file and (2) an Opticon delimited file.

Example of Opticon Delimited File:

ABC0000001,ABC001,D:\IMAGES\001\ABC0000001.TIF,Y,,,3
ABC0000002,ABC001,D:\IMAGES\001\ABC0000002.TIF,,,,,
ABC0000003,ABC001,D:\IMAGES\001\ABC0000003.TIF,,,,,
ABC0000004,ABC001,D:\IMAGES\001\ABC0000004.TIF,Y,,,2
ABC0000005,ABC001,D:\IMAGES\001\ABC0000005.TIF,,,,,

Example of Concordance Delimited File :

þBegDocþþEndDocþþCustodianþ

The objective coding and/or electronic file metadata should be provided in the following format:

1.   Fields should be delimited by the default Concordance field delimiter for ANSI character 20 ().

2.   String values within the fields file should be enclosed with a text delimiter (þ).

3.   The first line should contain objective coding and or electronic file metadata headers and below the first line there should be exactly one line for each document.

4.   Each row of objective coding and/or electronic file metadata must contain the same number of fields as the header row.

5.   Multi-values should be separated by a semicolon (;).

I.   *Parent-Child Relationships*. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

J.   *Objective Coding Fields*. The following objective coding fields should be provided to the extent determinable: (i) Beginning Bates Number; (ii) Ending Bates Number; (iii) Custodian.

## III.   Miscellaneous Production Items

A.   Production Labels. The parties agree to attach a label to each piece of media containing production data. The label will provide the following information:

Party v. Party (case name)
Case No. 000000 (case number)
Month, Day, Year (date production was created on the disk)
Volume Number
Bates Range: (no gaps from production to production and no gaps within productions unless otherwise notified)
Confidential Designation (if necessary)

B.   Production Media. Documents will be produced on CD-ROM or DVD disks or on portable hard drives or via any secured file transfer method. All portable hard drives and disks will be encrypted.

6

**IV.    Inadvertent Production of Documents.**

Inadvertent production of any document produced in response to discovery requests in this action by any party or non-party, that a party or non-party later claims should have been withheld on grounds of a privilege, including the work product doctrine (collectively referred to hereinafter as an "Inadvertently Produced Privileged Document") will not be deemed to waive any privilege or work product protection.

A party or non-party may request through counsel the return of any document ("Notice of Recall") that it inadvertently produced by identifying the Inadvertently Produced Privileged Document and stating the basis for withholding such document from production within ten (10) business days of discovery of the inadvertent production.  Once the Notice of Recall is given by the producing party, the receiving party shall promptly return all copies of the document or confirm in writing that all copies have been destroyed. The producing party will send a replacement disk containing all non-privileged documents that were contained on the original production disk. Electronic copies of the Inadvertently Produced Privileged Document will be removed from the electronic system of the receiving party. The producing party shall add the subject document to its privilege log and provide the updated Privilege Log to the receiving party. If the Inadvertently Produced Privilege Document requires redaction only, the producing party shall within thirty (30) days of the Notice of Recall, provide to the receiving party a redacted version of the document and an updated privilege log by submitting a replacement disk containing the original production with the redacted documents included. The return of an Inadvertently Produced Privilege Document does not preclude the receiving party from disagreeing with the designation of the document as privileged or redacted and re-produced and bringing a Motion to Compel its production pursuant to the Federal Rules of Civil Procedure.

If the Notice of Recall is made during or in preparation for a deposition, the examining and defending counsel shall meet and confer at the earliest opportunity to determine appropriate steps under this circumstance and consistent with this Agreement to return the document, redact the document, or withdraw the claim of privilege.

1

Dated:  March 31, 2016

2

3

By: /s/  Michael A. Kolcun

Richard Mescon, Esq. (*pro hac vice*)
Sherli Furst, Esq.  (*pro hac vice*)
Michael A. Kolcun, Esq. (*pro hac vice*)
Robins Kaplan LLP
601 Lexington Avenue, Suite 3400
New York, New York 10022-4611
Telephone:  (212) 980-7400
Facsimile:  (212) 980-7499
RMescon@RobinsKaplan.com
SFurst@RobinsKaplan.com
MKolcun@RobinsKaplan.com

James Patrick Shea, Esq.
Scott D. Fleming, Esq.
Armstrong Teasdale LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Main: (702) 678-5070
Direct: (702) 473-7079
Cellular: (702) 743-6263
JShea@ArmstrongTeasdale.com
SFleming@ArmstrongTeasdale.com

*Attorneys for Plaintiff, Sonoro Invest S.A.*

__/s/ Andrea M. Champion_____
Patrick J. Reilly, Esq. (6103)
Andrea M. Champion, Esq. (13461)
Holland & Hart LLP
9555 Hillwood Drive, Second Floor
Las Vegas, Nevada 89134
Tel: (702) 669-4600
Fax: (702) 669-4650
preilly@hollandhart.com
amchampion@hollandhart.com

/s/ Christina C. Tizzano
Christina C. Tizzano, Esq. (*pro hac vice*)
The Chilcote Law Firm LLP
The Cedar-Grandview Building
12434 Cedar Road, Suite Number 3
Cleveland Heights, Ohio 44106
Telephone:  (216) 795-4117
Facsimile:  (216) 795-4245
christina.tizzano@chilcotelaw.com

*Attorneys for Defendant Andrew J. Sherman*

## ORDER

It is so ordered.

DATED: April 1, 2016

_____
United States Magistrate Judge