# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sonoro Invest S.A.,

    Plaintiff

v.

Robert Miller, et al.,

    Defendant

2:15-cv-02286-JAD-CWH

**Order Denying Motion for Fees and Costs, Denying Motion for Entry of Default Against Miller, and Granting Motion to Extend Time to Respond to the Amended Complaint**

[ECF Nos. 66, 69, 76]

    Sonoro Invest S.A. sues Robert Miller and others in this shareholder derivative case alleging that the officers and directors of Abakan, Inc. breached fiduciary duties that they owed to Abakan, were unjustly enriched at its expense, and grossly mismanaged that corporation.[1] Sonoro encountered difficulty serving Miller with process[2] and moves under FRCP 4(d)(2) to recover the attorney's fees and costs that resulted from Miller's failure to waive service of process.[3] Sonoro also moves under FRCP 55 for the entry of default against Miller.[4] On his part, Miller moves pro se to extend his time to respond to the amended complaint.[5]

    I deny Sonoro's motion for fees and costs under FRCP 4(d)(2) because that fee-shifting statute is available only if the plaintiff and defendant are both located in the United States, and it appears that Sonoro is located in Panama. I find that Miller's delay in responding to the amended

---

[1] ECF No. 11.

[2] Sonoro initially requested that Miller waive service under FRCP 4(d), but Miller did not respond to the request. ECF No. 66-1 at 2, ¶ 4. Sonoro then attempted to personally serve Miller at his residence, but when Sonoro's efforts were stymied, U.S. Magistrate Judge Hoffman authorized it to serve Miller by publication and mail under NRCP 4(e)(1). ECF Nos. 43 (sealed order); 69-1 at 2, ¶ 2. Sonoro dispatched the summons and amended complaint to Miller via U.S. mail and published service in the *Nevada Legal News*. ECF No. 44 at 2, ¶¶ 3, 4.

[3] ECF No. 66.

[4] ECF No. 69.

[5] ECF No. 76. I find these matters suitable for disposition without oral argument under LR 78-1.

complaint is excusable and grant his motion to extend the time to respond to that pleading. Finally, I deny Sonoro's motion for the entry of default as premature.

## Discussion

**A.     Sonoro cannot recover fees and costs under FRCP 4(d)(2).**

A fundamental tenet of our country's judicial system is the rule that each party generally pays its own attorney's fees regardless of the outcome of the case.[6] District courts lack the "roving authority" to award attorney's fees, but they can award them if there are "specific and explicit provisions for the[ir] allowance . . . under selected statutes granting or protecting various federal rights."[7]

Sonoro relies on FRCP 4(d)(2), which is an explicit fee-shifting statute. When "a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States," FRCP 4(d)(2) requires the court to "impose on the defendant: (A) the expenses later incurred in making service; and (B) the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses." Although the rule leaves no discretion in allowing for the collection of fees and costs, it plainly applies only when the plaintiff and the defendant are both located in the United States.[8]

Miller is located in the United States,[9] but it appears that Sonoro, which identifies itself as a Panamanian corporation with an address in Panama City, Panama, is not.[10] Because Sonoro is not located in the United States, it is not entitled to recover fees or costs from Miller under FRCP

---

[6] *Alyeska Pipeline Serv. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975).

[7] *Id.* at 260.

[8] *See* FED. R. CIV. P. 4(d)(2); *accord* FED. R. CIV. P. 4 (Advisory Committee Notes, 1993 Amendment, Subdivision (d) (providing that "It should be noted that the provisions for shifting the cost of service apply only if the plaintiff and the defendant are both located in the United States").

[9] *See* ECF No. 76-1 at 1 (Miller self-identifying his address in Miami, Florida).

[10] ECF No. 11 at 3, ¶ 5 (Sonoro self-identifying its address in Panama City, Panama).

4(d)(2). I therefore deny Sonoro's motion for fees and costs.

**B.  Miller's motion to extend is granted and Sonoro's motion for default is denied because Miller's failure to timely respond is the product of excusable neglect.**

Sonoro moves under FRCP 55 for the entry of default against Miller for his failure to respond to the amended complaint. Sonoro has established that Miller was deemed served on April 8, 2016, by operation of NRCP 4(e)(1)(iii)[11] and Sonoro's mailing the summons and complaint to Miller's known address in Florida on March 11, 2016.[12] Miller had until May 2, 2016, to respond to the amended complaint,[13] but he failed to do so.

Instead, Miller moved three days later for an extension of time to respond to the amended complaint. Miller claims in a letter attached to his motion that he did not receive the summons and complaint at his house but he did receive the notice of intent to take default.[14] Miller claims that he was out of the country at the time that the notice was received, was referred to Nevada counsel by his commercial lawyer in Florida, and was advised by the Nevada attorney to seek an extension pro se.[15] Miller states that he had difficulty discerning the correct filing system—state Wiznet versus federal CM/ECF—and trouble navigating the federal system, but ultimately got

---

[11] Rule 4(e)(1)(iii) of the Nevada Rules of Civil Procedure provides that, in cases of publication where the residence of the nonresident defendant is known, "the court shall also direct [that] a copy of the summons and complaint . . . be deposited in the post office, directed to the person to be served at [their] place of residence." "The service of summons shall be deemed complete in cases . . . where a deposit of a copy of the summons and complaint in the post office is required, at the expiration of 4 weeks from [that] deposit."

[12] ECF No. 44 at 2, ¶ 3.

[13] Miller had 21 days (until April 29, 2016) under FRCP 12(a)(1)(A)(i) to respond to the amended complaint, and because the date that he was deemed served is a function of the date that the summons and complaint were mailed to him, three days are added under FRCP 6(d), extending Miller's time to respond to May 2, 2016.

[14] ECF No. 76-1 at 1, ¶¶ 1, 2.

[15] *Id.* at 1, ¶¶ 2–4.

his motion on file.[16]  Sonoro responds that Miller has not, as he must under FRCP 6(b)(1)(B), established that his failure to timely respond to the amended complaint is the result of excusable neglect.[17]

The determination of whether neglect is considered excusable "'is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission.'"[18]  Courts should consider "'the danger of prejudice to the [plaintiff], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'"[19]

After considering the factors and circumstances, I conclude that Miller's failure to respond to the amended complaint or timely seek an extension of that deadline is the product of excusable neglect.  First, Sonoro would not be prejudiced if Miller was granted relief.  Entry of default is the prelude to default judgment, but because "the strong policy underlying the Federal Rules of Civil Procedure favor[s] decisions on the merits[,]"[20] it is not a guarantee that default judgment will issue.  Further, because Sonoro has sued three other of Abakan's officers and directors on the same legal theories that it sues Miller, and the Ninth Circuit follows the time-honored *Frow* doctrine in multi-defendant cases, Sonoro likely would have to wait "until the matter has been adjudicated with regard to all defendants" before it could obtain default judgment against Miller.[21]

---

[16] *Id.* at 1, ¶¶ 4–6.

[17] ECF No. 77.

[18] *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993)).

[19] *Id.* (quoting *Pioneer*, 507 U.S. at 395).

[20] *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) (citing 6 *Moore's Federal Practice* ¶ 50-05[2], at 55-24 to 55-26).

[21] *In re First T.D. & Inv., Inc.*, 253 F.3d 520, 532 (9th Cir. 2001) (citing *Frow v. De La Vega*, 82 U.S. 552 (1872)).  The Ninth Circuit extends this doctrine to cases in which the co-defendants

Second, the length of delay is reasonable and, because this case is in its infancy, will not impact these judicial proceedings. Miller delayed three days in moving for additional time after his original time to respond and seeks only 28 days additional days. Third, the reason for Miller's delay—he was out of the country on business—is reasonable and not entirely within his control. Also reasonable is the reason Miller seeks a 28-day extension: to obtain Nevada counsel and prepare for his defense. Finally, I do not have sufficient information to find that Miller acted in bad faith.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that **Sonoro's motion for attorney's fees and costs [ECF No. 66] is DENIED**; **Miller's motion to extend the time for him to respond to the amended complaint [ECF No. 76] is GRANTED**; and **Sonoro's motion for the entry of default against Miller [ECF No. 69] is DENIED** without prejudice as premature. **Miller has until June 14, 2016, to respond to the amended complaint.** If Miller fails to respond to the amended complaint by June 14, 2016, default will be entered against him and in favor of Sonoro without further prior notice.

DATED: May 17, 2016

_____
Jennifer A. Dorsey
United States District Judge

---

are "similarly situated" and defense of the claims will hinge on the same legal theory because "it would be incongruous and unfair to allow a plaintiff to prevail against defaulting defendants on a legal theory rejected by a court with regard to an answering defendant in the same action." *Geramendi v. Henin*, 683 F.3d 1069, 1082–83 (9th Cir. 2012) (quotation omitted).