# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SONORO INVEST S.A., | Case No. 2:15-cv-02286-JAD-CWH |
| Plaintiff, | |
| vs. | **ORDER** |
| ROBERT MILLER, *et al.*, | |
| Defendants. | |

This matter is before the Court on the parties' motions (docs. # #45, # 46, # 54, # 70), responses (docs. # 59, # 79), and replies (docs. # 63, # 81, # 82).

**1.   Ex Parte Motion to Extend Time for Service (doc. # 46)**

Plaintiff Sonoro Invest S.A. ("plaintiff") asks for an additional 90 days to effect service on Defendant Costas Takkas ("Takkas"). Plaintiff explains that it has been diligent in monitoring Takkas's extradition, with Takkas's return to the United States from Switzerland currently unknown. Plaintiff adds that it hired counsel in Switzerland to help effect service on Takkas and to ensure that service is in accordance with the Hague Convention.

Rule 4(m) of the Federal Rules of Civil Procedure ("FRCP") governs service of process on individuals located in the United States, while Rule 4(f) governs service on individuals in a foreign country. Fed. R. Civ. P. 4(m), (f). Under Rule 4(m), individuals must be served within 90 days after the complaint is filed unless the court provides a specified time. Fed. R. Civ. P. 4(m). However, service outside the

United States need not satisfy Rule 4(m), with a court having the authority to "set a reasonable time limit for service in the foreign country to properly manage a civil case." Baja Developments LLC v. TSD Loreto Partners, No. CV-09-756-PHX-LOA, 2009 WL 2762050, at *1 (D. Ariz. Aug. 28, 2009); Lucas v. Notoli, 936 F.2d 432, 432 (9th Cir. 1991).

The Court finds that plaintiff has been diligent in its ongoing efforts to serve Takkas in this case. Thus, plaintiff's request is granted.

**2.      Extension of Time to File Responsive Pleading (docs. # 45, # 54)**

Defendant Stephen Goss ("Goss") asks the Court to given him an additional two weeks to respond to plaintiff's complaint. Goss contends that good cause exists for the requested extension because plaintiff already agreed to the extension but unreasonably conditioned the agreement on Goss waiving his right to certain defenses and on filing an answer not otherwise responsive to the amended complaint. Goss also contends that excusable neglect exists for the requested extension because he was working with his insurance carrier to approve the retention of counsel in this matter, and the extension will not unduly delay or prejudice plaintiff.

Plaintiff, in opposition, argues that Goss has not shown good cause or excusable neglect, and now seeks a third extension even though the Court never granted his untimely request for a second extension.

In reply, Goss restates his earlier assertions. Goss also points out that he encountered obstacles as a South Carolina resident securing approval from his insurance carrier to retain Nevada counsel. Goss adds that his second motion was filed three days late but is not dilatory, and he has recently retained counsel and seeks to defend himself against plaintiff's claims.

A review of the record reveals that the instant motion was filed by defense counsel and supersedes Goss's second extension request, which Goss filed pro se. The Court therefore denies Goss's second extension request (doc. # 45) as moot. In deciding the instant motion, the Court turns to Local Rule IA 6-1, which states that any requests "made after the expiration of the specified period will not be granted" unless the party demonstrates "excusable neglect." Because Goss has shown excusable neglect for the lateness of the requested extension, his request (doc. # 54) is granted.

//

//

2

**3.     Emergency Motion to Stay Discovery (doc. # 70)[1]**

Goss and Takkas ("defendants") ask the Court to stay discovery pending a decision on their motions to dismiss (docs. # 64, # 73).

Plaintiff, in opposition, argues that the request to stay should be denied because of: (1) defendants' gamesmanship; (2) the extent of pending discovery that must be completed in this case; (3) defendants' failure to satisfy Local Rule 7-4(a)'s requirements; (4) defendants' failure to make a "strong showing" that a protective order is warranted in this case; and (5) the pending motions to dismiss will not result in a dismissal.

In reply, Goss points to authority in which courts grant requests to stay when a motion to dismiss challenges jurisdiction, as in this case. See Doc. # 81 at 2 (citing, among others, Hologram USA, Inc. v. Pulse Evolution Corp., No. 2:14-cv-00772-GMN-NKJ, 2015 WL 1600768, at *1 (D. Nev. Apr. 8, 2015)). Goss also points out that the extent of pending discovery is not a factor in the Court's stay analysis, but even if it were, plaintiff's discovery requests have been overbroad and unduly burdensome, which weakens plaintiff's assertion. Goss then contends that factors relevant to the Court's stay analysis, including the dispositive nature of his pending motion to dismiss, the absence of any need for additional discovery, and the likelihood that he will prevail on the motion, all favor a stay of discovery in this case. Meanwhile, Takkas agrees with Goss's assertions and questions the prudence of engaging in time-consuming and expensive discovery, especially if the motions to dismiss were granted.[2]

A court has broad discretionary power to control its docket, which extends to the issuance of a stay. See e.g., Landis v. North American Co., 299 U.S. 248, 254 (1936). This power to stay is "incidental to the power inherent in every court to control the disposition of the causes of action on its docket with economy of time and effort for itself, for counsel, and for litigants." Id. In exercising its discretion, a court must consider factors such as "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800, 817 (1976). An overly lenient standard for granting a motion to stay would result in unnecessary delay in many cases. Moreover, a court should not grant a stay absent a showing of hardship if "there is

---

[2] The Court notes that Takkas filed a joinder to Goss's emergency motion to stay discovery. See Doc. # 75.

[3] The parties also present substantive arguments regarding the pending motions to dismiss, which the Court will not consider, as these arguments are properly before the district judge.

3

even a fair possibility that the stay... will work damage to someone else." <u>Dependable Highway Express, Inc. v. Navigators Insurance Co.</u>, 498 F.3d 1059, 1066 (9th Cir. 2007).  Therefore, a court must balance the competing interests affected by a stay such as the "hardship or inequity which a party may suffer in being required to go forward."  <u>Lockyer v. State of California</u>, 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that defendants have made the strong showing necessary to support a stay of discovery that would promote efficiency and justice in this case.  Plaintiff will not be prejudiced because it will have an opportunity to conduct discovery, if appropriate, after the stay.  As such, the motion to stay is granted.

## CONCLUSION AND ORDER

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's <u>Ex Parte</u> Motion to Extend Time for Service (doc. # 46) is **granted**.

**IT IS FURTHER ORDERED** that Goss's Second Motion for Extension of Time to File a Responsive Pleading (doc. # 45) is **denied as moot**.

**IT IS FURTHER ORDERED** that Goss's Third Motion for Extension of Time to File a Responsive Pleading (doc. # 54) is **granted**.

**IT IS FURTHER ORDERED** that Goss's Emergency Motion to Stay Discovery (doc. # 70) is **granted**.

DATED: May 20, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**