JAMES PATRICK SHEA, ESQ.
Nevada Bar No. 405
SCOTT D. FLEMING, ESQ.
Nevada Bar No. 5638
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702.678.5070
Facsimile: 702.878.9995
Email: jshea@armstrongteasdale.com
        sfleming@armstrongteasdale.com

DAVID MARDER, ESQ.
Massachusetts Bar No. 552485 (*pro hac vice*)
SHERLI FURST, ESQ.
New York Bar No. 4783577 (*pro hac vice*)
MICHAEL A. KOLCUN, ESQ.
New York Bar No. 5054127 (*pro hac vice*)
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, New York 10022-4611
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
Email: DMarder@RobinsKaplan.com
        SFurst@RobinsKaplan.com
        MKolcun@RobinsKaplan.com

*Counsel for Plaintiff Sonoro Invest S.A.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SONORO INVEST S.A., a Panamanian corporation,<br><br>             Plaintiff,<br><br>      v.<br><br>ROBERT MILLER, an individual; ANDREW SHERMAN, an individual; COSTAS TAKKAS, an individual; and STEPHEN GOSS, an individual,<br><br>             Defendants,<br><br>      and<br><br>ABAKAN, INC., a Nevada corporation,<br><br>             Nominal Defendant. | Case No. 2:15-cv-2286<br><br><br>**UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**(First Request)** |

/ / /

Plaintiff Sonoro Invest S.A., ("Sonoro") by and through its attorneys, Armstrong Teasdale LLP, hereby files this first Unopposed Motion to Extend Discovery Deadlines (the "Motion").[1] This Motion is made and based upon the following Memorandum of Points and Authorities, the papers and pleadings on file herein, and any argument the Court may allow at the time of a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The current Scheduling Order provides for the service of initial expert disclosures by August 3, 2017. Prior to preparing that disclosure, Sonoro anticipates needing to take certain depositions, which cannot occur until the document productions are complete. Since the parties are still exchanging documents, Sonoro does not anticipate being ready to make the expert disclosures in the time contemplated by the Scheduling Order, and requests that the Scheduling Order be extended by four months. Sonoro conferred with Defendants prior to filing this Motion to extend the discovery deadlines as set forth below, and the Defendants are in agreement and will not oppose the relief requested.

## II.

## PROCEDURAL BACKGROUND

1. On December 3, 2015, Sonoro initiated this action by filing its Complaint. ECF No. 1. On December 29, 2015, Sonoro filed its operative First Amended Complaint. ECF No. 11.

2. On March 31, 2016, an Order was entered approving a stipulated discovery plan and scheduling order as between Sonoro and Sherman. ECF No. 50. Miller and Takkas did not participate as they were not yet served, and Goss declined to do so. *Id.*

3. On May 31, 2016, an Order was entered staying all discovery in light of the dispositive motions filed by Goss and Takkas. ECF No. 102. The Order provided that the parties must meet and confer and file a proposed discovery plan and scheduling order within fourteen days

---

[1] While this is the parties' first request to extend the discovery deadlines in this case, all such deadlines were previously extended when the Court entered an Order staying discovery pending the outcome of certain Defendants' motions to dismiss. ECF No. 102.

from the date of the order on the then-pending motions to dismiss, with discovery deadlines measured from the date of the order on the motions to dismiss. *Id.*

4.      On January 24, 2017, an Order was entered denying the motions to dismiss of Goss, Takkas, and Miller, and denying the motion to transfer venue of Sherman. ECF No. 129.

5.      On February 7, 2017, the parties submitted a proposed discovery plan and scheduling order. ECF No. 130. The parties requested special scheduling review to set the discovery deadlines for a period of 250 days given the complex nature of this case and the numerous and geographically diverse parties and witnesses, in addition to the fact that Takkas is confined to his home pending the outcome of a criminal case. *Id.*

6.      On February 8, 2017, an Order was entered approving the parties' proposed discovery plan and scheduling order. ECF No. 135. The Order set the discovery deadline for October 2, 2017.

## III.

## LEGAL STANDARD

Local Rule 26-4 provides that a party may request an extension of time to complete discovery upon "a showing of good cause." "The good cause inquiry focuses primarily on the movant's diligence." *Derosa v. Blood Sys., Inc.*, No. 2:13-CV-0137-JCM-NJK, 2013 WL 3975764, at *1 (D. Nev. Aug. 1, 2013). "Good cause to extend a discovery deadline exists if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id.* Requests to extend discovery deadlines must include: "(a) A statement specifying the discovery completed; (b) A specific description of the discovery that remains to be completed; (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and, (d) A proposed schedule for completing all remaining discovery." LR 26-4.

## IV.

## ARGUMENT

As set forth below, Sonoro has issued document requests to a variety of parties and non-parties in a timely fashion, but has not yet secured all of the documents sought.

///

///

## A.

## <u>Discovery Completed</u>

As of the date of this Stipulated Motion, the parties have exchanged Initial Disclosures, and both Sonoro and Sherman have served multiple supplements thereto.

Sonoro has served six sets of document requests to Defendants, including three sets of Requests for Production on Sherman, two sets of Requests for Production on both Miller and Goss, and one set of Requests for Production on Takkas. Sonoro has reached an agreement with Miller, Goss, and Takkas to employ search terms to facilitate the collection and production of responsive documents. Sonoro has engaged in extensive negotiations to develop search terms with Sherman, but has not yet to reach a similar agreement with him. Sonoro and Sherman continue to negotiate such a proposal.

To date, Sherman has produced approximately 3,600 pages of documents in response to Sonoro's Requests for Production, and Sonoro expects a substantial number of additional documents will be produced once search terms are agreed-upon and applied to the entirety of Sherman's various sources of relevant information. Takkas has produced approximately 5,000 pages of documents in response to Sonoro's Requests for Production, and deems his obligation to respond to Sonoro's discovery requests to be complete. Miller and Goss have not yet produced any documents in response to Sonoro's Requests for Production.

Sonoro has also issued twelve non-party document subpoenas to various individuals and entities. Several of these non-parties have collectively produced approximately 108,000 pages of documents. Additionally, non-party MesoCoat Inc. – Abakan's operating subsidiary – produced approximately 4,300 pages of documents in response to Sonoro's subpoenas, as well as a hard drive containing approximately 330 gigabytes of data.

For his part, Miller recently issued two non-party document subpoenas.

Defendants did not serve a discovery request on Sonoro. Nonetheless, Sonoro has produced approximately 153,000 pages of documents that it may use to support its claims or defenses.

///

///

4

**B.**

**<u>Discovery That Remains To Be Completed</u>**

As discussed above, Sonoro and Sherman are still negotiating a proposal for the use of search terms to collect and produce documents in response to Sonoro's Requests for Production and the three subpoenas to which Sherman assumed the obligation to respond. Sonoro anticipates an agreement on search terms will be reached in the near future, enabling Sherman to produce all remaining documents that are responsive to Sonoro's discovery requests. Sonoro anticipates Sherman's forthcoming production will be substantial.

Neither Goss nor Miller has produced any documents in response to Sonoro's discovery requests. Sonoro anticipates their document production, when complete, will also be substantial.

Once Defendants produce the entirety of the requested documents, the parties will be required to take both party and non-party depositions of fact witnesses. Sonoro anticipates several depositions will be required, which will occur in multiple locations across the country. As set forth above, Sonoro envisions that some of these depositions will have to be taken before expert disclosures are prepared.

Sonoro also anticipates serving additional written discovery on Defendants, namely, interrogatories and requests for admission.

Sonoro anticipates the parties will engage in expert discovery on a number of discrete issues, which will require both written reports and deposition testimony of experts.

**C.**

**<u>Reasons Why Discovery Has Not Been Completed And Should Be Extended</u>**

As described above, Sonoro propounded significant written discovery to Defendants and numerous non-parties in a timely fashion. Many of the documents sought by Sonoro have not yet been produced. Therefore, good cause exists to extend the discovery deadlines because the discovery Sonoro needs is outside of its control and has not yet been provided despite Sonoro's diligent efforts as outlined above.

/ / /

/ / /

In light of the significant amount of document discovery still left to complete before the expert disclosures can be prepared, and upon consultation and agreement with Defendants, Sonoro respectfully requests a four-month extension in the current schedule.

**D.**

**<u>Proposed Schedule</u>**

1) Amending the Pleadings and Adding Parties – November 2, 2017

2) Interim Status Report – December 1, 2017

3) Expert Disclosures – December 1, 2017

4) Rebuttal Expert Disclosures – January 9, 2018

5) Discovery Cut-Off – January 30, 2018

6) Dispositive Motions – March 1, 2018

7) Pretrial Order – April 2, 2018

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## V.

### CONCLUSION

For the reasons set forth above, Sonoro respectfully requests that the foregoing, outstanding deadlines be extended for four months, and the Motion be granted.

Respectfully submitted,

Dated: June 14, 2017

ARMSTRONG TEASDALE LLP

By: */s/ Scott D. Fleming*
James Patrick Shea, Esq.
Scott D. Fleming, Esq.
Armstrong Teasdale LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, NV 89169
Main: (702) 678-5070
Direct: (702) 473-7079
JShea@ArmstrongTeasdale.com
SFleming@ArmstrongTeasdale.com

David Marder, Esq. (*pro hac vice*)
Sherli Furst, Esq. (*pro hac vice*)
Michael A. Kolcun, Esq. (*pro hac vice*)
Robins Kaplan LLP
399 Park Avenue, Suite 3600
New York, New York 10022-4611
Telephone: (212) 980-7400
DMarder@RobinsKaplan.com
SFurst@RobinsKaplan.com
MKolcun@RobinsKaplan.com

*Counsel for Plaintiff Sonoro Invest S.A.*

IT IS SO ORDERED:

UNITED STATES MAGISTRATE JUDGE

DATED: _____

June 15, 2017

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **UNOPPOSED MOTION TO EXTEND DISCOVERY DEADLINES** was served on all parties of record via ECF on this 14th day of June, 2017.

By: _/s/ Jessica Myrold_
Jessica Myrold