1  JAMES PATRICK SHEA, ESQ.
   Nevada Bar No. 405
2  ARMSTRONG TEASDALE LLP
   3770 Howard Hughes Parkway, Suite 200
3  Las Vegas, Nevada 89169
   Telephone:  702.678.5070
4  Facsimile:  702.878.9995
   Email: jshea@armstrongteasdale.com
5
   DAVID MARDER, ESQ.
6  Massachusetts Bar No. 552485 (*pro hac vice*)
   SHERLI FURST, ESQ.
7  New York Bar No. 4783577 (*pro hac vice*)
   MICHAEL A. KOLCUN, ESQ.
8  New York Bar No. 5054127 (*pro hac vice*)
   ROBINS KAPLAN LLP
9  399 Park Avenue, Suite 3600
   New York, New York 10022-4611
10 Telephone:  (212) 980-7400
   Facsimile:  (212) 980-7499
11 Email: DMarder@RobinsKaplan.com
          SFurst@RobinsKaplan.com
12        MKolcun@RobinsKaplan.com

*Counsel for Plaintiff Sonoro Invest S.A.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SONORO INVEST S.A., a Panamanian corporation, | Case No. 2:15-cv-2286 |
| Plaintiff, | |
| v. | **FINAL ORDER AND JUDGMENT** |
| ROBERT MILLER, an individual; ANDREW SHERMAN, an individual; COSTAS TAKKAS, an individual; and STEPHEN GOSS, an individual, | ECF No. 156 |
| Defendants, | |
| and | |
| ABAKAN, INC., a Nevada corporation, | |
| Nominal Defendant. | |

WHEREAS, this matter came before the Court for hearing pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice, dated October 2, 2017 ("Preliminary Approval Order"), on the unopposed application of Plaintiff Sonoro Invest S.A. ("Plaintiff" or

1

"Sonoro") for final approval of the settlement set forth in the Settlement Agreement dated August 10, 2017 ("Settlement Agreement");

WHEREAS, due and adequate notice having been given to current Abakan shareholders as required in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings had herein, and otherwise being fully informed in the premises, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of this action, including all matters necessary to effectuate the settlement set forth in the Settlement Agreement, and over all the parties.

2. The Court finds that the settlement set forth in the Settlement Agreement is fair, reasonable, and adequate as to each of the parties, and hereby finally approves the settlement in all respects, finding that the settlement set forth in the Settlement Agreement provides substantial benefits to Abakan and its current shareholders, and orders the parties to perform its terms to the extent they have not already done so.

3. This action, and all claims contained herein, is ordered compromised, settled, released, discharged, and dismissed on the merits with prejudice by virtue of the proceedings herein and this Final Order and Judgment. The parties are forever enjoined and permanently barred from instituting, commencing, or prosecuting any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of this action. The parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

4. The Court finds that the notice to current Abakan shareholders, provided directly via first-class mail, provided the best notice practicable under the circumstances of these proceedings and of the matters set forth herein, including the settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and the requirements of due process.

5. Current Abakan shareholders are forever enjoined and permanently barred from instituting, commencing, or prosecuting any claims arising out of, relating to, or in connection with the institution, prosecution, assertion, defense, settlement, or resolution of this action.

6. The Court finds that the award of $350,000 in attorneys' fees and $52,121.69 in costs to Plaintiff's counsel is fair and reasonable in accordance with the Settlement Agreement, and finally approves the award of attorneys' fees and costs.

7. Without affecting the finality of this Final Order and Judgment in any way, this Court hereby retains continuing jurisdiction over implementation of the settlement as set forth in the Settlement Agreement, and the parties, for the purpose of construing, enforcing, or administering the settlement, including but not limited to, payment of the settlement sum as set forth in the Settlement Agreement.

8. This Final Order and Judgment is a final, appealable judgment and should be entered forthwith by the Clerk in accordance with Federal Rule of Civil Procedure 58. The Clerk of Court is directed to CLOSE THIS CASE.

_____
U.S. District Judge Jennifer A. Dorsey
December 14, 2017