# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Sonoro Invest S.A., a Panamanian corporation,

Plaintiff

v.

Robert Miller, et al.,

Defendants

Case No.: 2:15-cv-2286-JAD-CWH

Order Denying Award of
Attorneys' Fees

[ECF No. 162, 173]

When the settlement payment was delayed in this case, the plaintiff moved to enforce the settlement agreement and asked for an award of attorney's fees for having to file the enforcement motion.[1] The settlement quickly got back on track, so the court vacated the emergency hearing that it had scheduled on the motion, but the plaintiff did not withdraw the motion because it maintained its request for a fee award. The defendants oppose that request and countermove for their own award of fees.[2]

Local Rule 54-14 governs motions for attorneys' fees and contains extensive, detailed requirements. It states that a party moving for attorneys' fees "must" include: "A reasonable itemization and description of the work performed," along with "A brief summary of: (A) The results obtained and the amount involved; (B) The time and labor required; (C) The novelty and difficulty of the questions involved; (D) The skill requisite to perform the legal service properly . . . [and] (G) Whether the fee is fixed or contingent."[3] "Each motion must be accompanied by an affidavit from the attorney responsible for the billings in the case authenticating the information contained in the motion and confirming that the bill was reviewed

---

[1] ECF No. 162.

[2] ECF No. 173 (countermotion); ECF Nos. 169, 170, 171 (joinders).

[3] L.R. 54-14(b).

1

and edited and that the fees and costs charged were reasonable."[4] And Local Rule 54-14(d) warns that "Failure to provide t[his] information . . . in a motion for attorney's fees may be deemed a consent to the denial of the motion."[5]

Neither the original motion to enforce the settlement nor the countermotion for attorneys' fees contains the information that the local rule requires of motions for attorneys' fees. Accordingly, I apply LR 54-14(d), construe the failure of either side to include this required information as a consent to deny the motions, and deny both of them.

IT IS HEREBY ORDERED that the request for attorneys' fees contained in the Emergency Motion to Enforce Settlement **[ECF No. 162] and** the Countermotion for Attorneys' Fees **[ECF No. 173] are DENIED.**

Dated this 12th day of February, 2018.

_____
U.S. District Judge Jennifer A. Dorsey

---

[4] L.R. 54-14(c).

[5] L.R. 54-14(d).